**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**RICHARD DANIEL SULLIVAN**                                        **PLAINTIFF**

**v.**                                        **CAUSE NO. 1:16-cv-395-LG-MTP**

**ALBERT FOUNTAIN, et al.**                                        **DEFENDANTS**

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

This matter is before the Court sua sponte.   After consideration of the record and

relevant legal authority, and for the reasons discussed below, the Court finds that this

civil action should be dismissed without prejudice.

I.      BACKGROUND

Pro Se Plaintiff Richard Daniel Sullivan brings this Complaint pursuant to 42

U.S.C. § 1983.   At the time of filing this civil action, Sullivan was incarcerated at the

Harrison County Adult Detention Center in Gulfport, Mississippi.   According to

Sullivan's June 6, 2017, Notice [22] of change of address, he is presently incarcerated at

the Jackson County Adult Detention Center ("Jackson County ADC") in Pascagoula,

Mississippi.   Sullivan is proceeding *in forma pauperis*.   *See* Order [14].

Sullivan submitted an unsigned pleading that was filed as an Attachment [23] to

his Complaint.   On September 1, 2017, the Court entered an Order [24] directing the

Clerk to mail Sullivan a copy of the Attachment for his signature.   The Order directed

Sullivan to file a signed version of his pleading on or before September 15, 2017.   The

Order [24] warned Sullivan that failure to timely comply or failure to keep the Court

informed of his current address would lead to the dismissal of this case.   On

September 11, 2017, the envelope [25] containing the Order [24] was returned by the

postal service with the label "return to sender – refused – unable to forward." Ret. Mail [25] at 1. The envelope also had a handwritten notation stating, "no longer @ this facility." *Id*. Sullivan failed to comply with the September 1, 2017 Order [24] or otherwise contact the Court.

On September 28, 2017, the Court entered a Show Cause Order [26] directing Sullivan to show cause, on or before October 12, 2017, why this case should not be dismissed for his failure to comply with the Court's previous Order [24] and for his apparent failure to keep the Court advised of his current address. The Show Cause Order [26] warned Sullivan that failure to timely comply or failure to advise the Court of his current address "will result in the dismissal of this case without further written notice to the Plaintiff." Order [26] at 2. On October 6, 2017, the envelope [27] containing the Show Cause Order [26] was returned by the postal service with the label "return to sender – refused – unable to forward." Ret. Mail [27] at 1. The envelope also had a handwritten notation stating, "not at ADC." *Id*. Sullivan failed to comply with the Show Cause Order or otherwise contact the Court.

## II.   DISCUSSION

This Court has the authority to dismiss an action sua sponte for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority. *See Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking

relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

Sullivan has failed to keep this Court advised of his current address and he has failed to comply with two Court Orders [24], [26]. Although the last two Orders entered by the Court were returned as undeliverable, six previous Orders were delivered to Sullivan which warned him that his failure to keep the Court informed of his current address or his failure to timely comply with a court order would result in the dismissal of this case. *See* Orders [3, 6, 14, 16, 17, 20]. Furthermore, at the time of filing this action, the Clerk issued a Notice of Assignment [Ex. 1-1] advising Sullivan that he was required to notify the Court in writing if his address changed and it also warned Sullivan that his failure to advise the Court of a change of address or his failure to timely comply with any order of the Court would be deemed a purposeful delay and contumacious act that may result in the dismissal of this case. *See* Notice [Ex. 1-1] at 1.

Sullivan has not contacted the Court since June 23, 2017. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but instead such efforts have proven futile. *See Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005). Docketing another show cause order would likewise be futile when Sullivan has failed to provide a valid address. Therefore, the Court concludes that dismissal of this action is proper for Sullivan's failure to prosecute and

3

for failure to comply with the Orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure. *See Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (affirming dismissal based on inmate's failure to comply with a court order). Since the Defendants have not been called on to respond to Sullivan's pleading, and the Court has not considered the merits of Sullivan's claims, the Court's Order of Dismissal is without prejudice. *See Munday/Elkins Auto. Partners, Ltd. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

## III.  CONCLUSION

For the reasons stated herein, this civil action will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 2nd day of November, 2017.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
Chief United States District Judge